29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leticia Miralles FERNANDO, Petitioner
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided May 19, 1994.
 
 1
 Before: THOMPSON and O'SCANNLAIN, Circuit Judges, and NIELSEN, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Leticia Miralles Fernando is a native and citizen of the Philippines. She appeals the Board of Immigration Appeal's ("BIA") order dismissing her appeal of the Immigration Judge's ("IJ") decision denying her asylum, withholding of deportation, and voluntary departure. We have jurisdiction over this timely appeal under 8 U.S.C. 1105a(a) and we affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Fernando last entered the United States in December 1984, as a nonimmigrant visitor for pleasure with authorization to remain here for six months. She is married and has five children, one of whom is a United States citizen and all of whom reside with her husband in the Philippines.
 
 
 5
 The Immigration and Naturalization Service ("INS") charged Fernando with remaining in the United States longer than permitted and failing to comply with the conditions of her entry status. The INS issued her an order to show cause why she should not be deported from the United States. At her deportation hearing, she conceded deportability and requested political asylum under the Immigration and Nationality Act ("INA") Sec. 208(a), 8 U.S.C. Sec. 1158(a), and withholding of deportation under INA Sec. 243(h), 8 U.S.C. Sec. 1253(h), or in the alternative, voluntary departure under INA Sec. 244(e), 8 U.S.C. Sec. 1254(e).
 
 
 6
 The United States Department of State's Bureau of Human Rights and Humanitarian Affairs issued an advisory opinion that Fernando failed to establish a well-founded fear of persecution. See 8 C.F.R. Sec. 208.11(b). The IJ rendered an oral decision denying Fernando asylum, withholding of deportation, and voluntary departure. The BIA affirmed the IJ's decision and dismissed the appeal. This appeal follows.
 
 DISCUSSION
 1. Asylum
 
 7
 We review the BIA's denial of asylum for an abuse of discretion. Acewicz v. U.S. INS, 984 F.2d 1056, 1061 (9th Cir.1993); Abedini v. U.S. INS, 971 F.2d 188, 191 (9th Cir.1992). We review factual findings, including the BIA's determination that an alien has failed to prove a well-founded fear of persecution, under the substantial evidence test. Acewicz, 984 F.2d at 1061. Substantial evidence for the BIA's determination exists unless the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 112 S.Ct. 812, 815-17 (1992).
 
 
 8
 To be eligible for a discretionary grant of asylum, Fernando must show either past persecution or a "well-founded fear" of future persecution in her native country on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158(a), 1101(a)(42)(A). A "well-founded fear" contains both a subjective component, requiring the fear to be genuine, and an objective component, requiring "a showing, by credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986).
 
 
 9
 Fernando argues she has a well-founded fear of political persecution if she returns to the Philippines. Her testimony at the deportation hearing, which generally tracks her asylum application and documentary evidence, details the underlying basis of her well-founded fear argument. She stated that she was afraid to return to the Philippines because of the increasing number of Communists.
 
 
 10
 Fernando, who was a supporter of Corazon Aquino, attended three anti-Marcos rallies with thousands of other people before Marcos was ousted from power. Fernando testified that she did nothing to draw attention to herself at these rallies. In her asylum application, she represented that neither she nor any of her family members had belonged to any organization in the Philippines, that she had not taken any actions that would result in her persecution, and that she had never been detained or interrogated in her home country.
 
 
 11
 Fernando also submitted newspaper articles and letters from friends and family detailing the high level of violence in the Philippines since Marcos was driven into exile. One letter states that Marcos loyalists killed an Aquino supporter, apparently because the victim was wearing a yellow shirt as a symbol of support for Aquino. Despite the violence, Fernando sent her youngest child, who was born in the United States, back to the Philippines to join her other four children and her husband.
 
 
 12
 Presented with this evidence, the BIA was unpersuaded that Fernando has a well-founded fear of persecution. We agree. While Fernando's documentary evidence indicates Communist insurgents and Marcos loyalists have engaged in acts of violence, general conditions of unrest do not amount to a well-founded fear of persecution within the meaning of the INA. See Limsico v. U.S. INS, 951 F.2d 210, 212 (9th Cir.1991). Furthermore, the letter stating that Marcos loyalists killed an Aquino supporter does not establish the same danger for all Aquino supporters. Reversal of the BIA's decision is not warranted because the evidence presented would not compel a reasonable factfinder to find the requisite fear of persecution. See Elias-Zacarias, 112 S.Ct. at 817.
 
 2. Withholding of Deportation
 
 13
 We review the factual findings underlying the BIA's denial of withholding of deportation under the substantial evidence standard. Abedini, 971 F.2d at 191. To be entitled to withholding of deportation to the Philippines, Fernando must show a "clear probability" that her life or freedom would be threatened in the Philippines on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. Sec. 1253(h). This standard is more stringent than the well-founded fear standard for asylum. Acewicz, 984 F.2d at 1062. "Clear probability" requires a showing that it is "more likely than not" that the alien will be persecuted upon deportation. INS v. Stevic, 467 U.S. 407, 424 (1984). Because Fernando failed to demonstrate a "well-founded fear" of persecution to support eligibility for asylum, she a fortiori failed to demonstrate she is entitled to withholding of deportation under the stricter clear probability standard. See Acewicz, 984 F.2d at 1062.
 
 3. Voluntary Departure
 
 14
 We review discretionary denials of voluntary departure for an abuse of discretion. Abedini, 971 F.2d at 191. We may examine "only whether the Board actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Id. at 193.
 
 
 15
 Under the INA, the BIA has the authority to grant voluntary departure in lieu of deportation. 8 C.F.R. Sec. 244.1. To be eligible for voluntary departure, an applicant must prove that she has been of good moral character for at least the five years preceding the application. 8 U.S.C. Sec. 1254(e). In addition to the statutory eligibility requirements, the applicant must also show equities meriting such treatment. Abedini, 971 F.2d at 193.
 
 
 16
 In denying Fernando voluntary departure, the IJ stated that "because the application is frivolous and she has no fear of persecution, the application for voluntary departure will be denied as a matter of discretion." Fernando contends the IJ denied her voluntary departure "[i]n retaliation for having applied for relief from deportation." We will not consider this argument because our review is limited to the BIA's decision, not the IJ's decision. See id.
 
 
 17
 The BIA, in denying Fernando voluntary departure as a matter of discretion, stated that even if it were to disregard the immigration judge's characterization of Fernando's persecution claim as frivolous, Fernando's sole equity of being in the United States for less than two years was outweighed by her apparent deception of a United States consul and the immigration law violations for which she was found deportable. The BIA did not abuse its discretion in denying Fernando voluntary departure because, as required, it supported its conclusion with a reasoned explanation based on legitimate concerns. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William Fremming Nielsen, United States District Judge for the District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3